WHETHER JUDGE LARSS G. CELTNIEKS, JUDGE ON THE COURT OF MILITARY COMMISSION REVIEW, WAS STATUTORILY AUTHORIZED TO SIT ON THE ARMY COURT OF CRIMINAL APPEALS, AND EVEN IF HE WAS STATUTORILY AUTHORIZED TO BE ASSIGNED TO THE ARMY COURT OF CRIMINAL APPEALS, WHETHER HIS SERVICE ON BOTH COURTS VIOLATED THE APPOINTMENTS CLAUSE GIVEN HIS NEWLY ATTAINED STATUS AS A SUPERIOR OFFICER.

No briefs will be filed under Rule 25.

No. 17–0073/AR. U.S. v. William C. Millay. CCA 20130341. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I. WHETHER ACCEPTANCE OF APPOINTMENT AS A CMCR JUDGE TERMINATED THE MILITARY COMMISSION OF JUDGE HERRING.

II. WHETHER, AS AN APPOINTED JUDGE OF THE CMCR, JUDGE HERRING DID NOT MEET THE UCMJ DEFINITION OF AN APPELLATE MILITARY JUDGE.

III. WHETHER THE ASSIGNMENT OF INFERIOR OFFICERS AND PRINCIPAL OFFICERS TO A SINGLE JUDICIAL TRIBUNAL ITSELF VIOLATED THE APPOINTMENTS CLAUSE.

No briefs will be filed under Rule 25.

No. 17–0077/AR. U.S. v. Salvador Jimenez–Victoria. CCA 20140733. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I. WHETHER ACCEPTANCE OF APPOINTMENT AS A CMCR JUDGE TERMINATED THE MILITARY COMMISSION OF JUDGE HERRING.

II. WHETHER, AS AN APPOINTED JUDGE OF THE CMCR, JUDGE HERRING DID NOT MEET THE UCMJ DEFINITION OF APPELLATE MILITARY JUDGE.

III. WHETHER THE ASSIGNMENT OF INFERIOR OFFICERS AND PRINCIPAL OFFICERS TO A SINGLE JUDICIAL TRIBUNAL ITSELF VIOLATED THE APPOINTMENTS CLAUSE.

No briefs will be filed under Rule 25.

Thursday, December 15, 2016

No. 17–0082/AR.  U.S. v. Walter L. Graham, Jr.  CCA 20150364.  On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted, and the decision of the United States Army Court of Criminal Appeals is affirmed.*

No. 17–0099/AR.  In Re Timothy B. Hennis.  On consideration of the petition for extraordinary relief in the nature of a writ of mandamus or other appropriate writ, and Petitioner's motion to stay proceedings of the United States Army Court of Criminal Appeals pending petition for extraordinary writ, it is ordered that said motion is hereby denied, and said petition is hereby denied without prejudice to raising the issues asserted during the course of normal appellate review.

No. 16–0727/AF.  U.S. v. James W. Richards IV.  CCA 38346.  On consideration of the petition for grant of review of the decision of the United States Air Force Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I.  WHETHER THE PANEL OF AFCCA THAT HEARD APPELLANT'S CASE WAS IMPROPERLY CONSTITUTED.

II.  WHETHER THE 9 NOVEMBER 2011 SEARCH AUTHORIZATION WAS OVERBROAD IN FAILING TO LIMIT THE DATES OF THE COMMUNICATIONS BEING SEARCHED, AND IF SO, WHETHER THE ERROR WAS HARMLESS.

Briefs will be filed under Rule 25 on Issue II only.

No. 17–0063/AF.  U.S. v. Jerry C. Harrison.  CCA 38745.  On consideration of the petition for grant of review of the decision of the United States Air Force Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

WHETHER THE MILITARY JUDGE ERRED BY INSTRUCTING THE MEMBERS, "IF BASED ON YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE FIRMLY CONVINCED THAT THE ACCUSED IS

---

*  It is noted that the decision of the United States Army Court of Criminal Appeals incorrectly summarized the findings.  The lower court stated that Appellant pleaded guilty to four specifications of forcibly sodomizing his stepdaughter.  Actually, Appellant pleaded guilty to, and was convicted of, three specifications of forcible sodomy.